### D. M. OSBORNE & CO. v. WIGENT.

1. SALE—WARRANTY—BREACH—NOTICE.

   A condition in a written warranty on the sale of a machine, requiring the purchaser to notify the seller, as well as the latter's local agent, of any defects therein, is not sufficiently complied with by notice to the agent alone, in the absence of a waiver of further notice.

2. SAME—PAROL EVIDENCE.

   Where a written warranty was given on a sale of chattels, evidence of previous parol agreements in the nature of warranties is inadmissible.

Error to Hillsdale; Chester, J.   Submitted June 6, 1901.   Decided July 10, 1901.

*Assumpsit* by D. M. Osborne & Company against Fred M. Wigent upon a promissory note.   From a judgment for defendant, plaintiff brings error.   Reversed.

*Chadwick & Weaver*, for appellant.

*C. A. Shepard*, for appellee.

MONTGOMERY, C. J.   This action was brought to recover upon a note of $55,— one of two notes given in payment for a corn harvester purchased of plaintiff by the defendant.   The defendant, under the plea of the general issue, gave notice that he would rely upon a breach of warranty as a defense.

The defendant testified that he saw the machine at work at a Mr. Hewitt's; that later on he gave an order for the machine; that the agent wished to have it left with him until Saturday, and stated that the notes for the machine could be given on Saturday, when defendant came for it; that defendant told the agent that he might not come for the machine, but might send for it; that he did in fact send for it on Saturday; that on Monday he started the machine, found it did not work well, and sent word to the agent, who came, together with another agent of plaintiff; that it was found that a rod was bent, and that this was straightened, and that the machine was then started up; that for the time the agents were there the machine worked all right.   At this time the notes were given.

When the order was taken, a written warranty was given, reading as follows:

"This implement is warranted to be well made, of good material, and, if properly set up and operated, to do good work.   If, on starting it, it should occur that the purchaser cannot make it work well, he must immediately notify the local agent who sold it, and D. M. Osborne & Co., Auburn, N. Y., and allow reasonable time for some one to be sent to put it in order.   If it is not then made to do good work, it must be returned at once to said local agent at his place of business, and any payments made thereon will be refunded.   Failure to give notice or failure to return the implement as aforesaid will constitute an acceptance of the implement.   No variation of this warranty, oral or written, will be recognized by us.
[Signed]   "D. M. OSBORNE & CO."

The defendant, after the visit of Mr. Bates, the agent, made further trials of the machine, found it did not work to his satisfaction, and returned the machine to the agent's

127 MICH.—40.

premises, but gave no notice to the agent or the plaintiff of any defect in the machine, as required by the terms of the written warranty.

The circuit judge charged the jury as follows:

"You are instructed further that if you find from the evidence that this machine did not fill the warranty, and Wigent did notify the agent, Mr. Bates, and give him a reasonable time in which to fix the machine, and the agent came there pursuant to that notice, whether he was notified personally by Mr. Wigent or some other person, and when he came there the agent insisted that this machine worked all right, and he then notified Mr. Wigent that he need not notify the home company, and this agent insisted at that time that Mr. Wigent should give these notes, and Mr. Wigent claiming that the machine did not fill the warranty, but gave the notes, relying on the warranty, and not accepting the machine as fulfilling the warranty, and he (Wigent) continued using the machine, trying in good faith to make it work, and it did not work, then he (Wigent) had a right to return the machine, and would not be liable on this note."

The defendant had not notified the plaintiff, at Auburn, N. Y., as required by the terms of the warranty; and, while we do not hold that this notice might not be waived by the agent if the intention were shown, the testimony here shows that the agent did not intend to waive notice and opportunity to repair and put in condition.

The court was also in error in permitting testimony of previous parol agreements in the nature of warranties, which were clearly merged in the written agreement. *Zimmerman Manfg. Co.* v. *Dolph*, 104 Mich. 281 (62 N. W. 339).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.